# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| MARLON HANCHETT, TRACY BELLARD, DION MORRIS, & MARLON HANCHETTE ON BEHALF OF HIS MINOR DAUGHTER, MARLACYA HANCHETTE | CIVIL ACTION NO. <br><br> JUDGE |
| VERSUS | |
| DEBORAH LYNN PURDY, WERNER ENTERPRISES, INC. & ACE AMERICAN INSURANCE COMPANY | MAGISTRATE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Defendants, Deborah Lynn Purdy, Werner Enterprises, Inc. and ACE American Insurance Company, which file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the docket of this Honorable Court.

I.

On January 29, 2018, Plaintiffs, Marlon Hanchett, Tracy Bellard, Dion Morris & Marlon Hanchette on Behalf of His Minor Daughter, Marlacya Hanchette, filed a personal injury lawsuit against Deborah Lynn Purdy, Werner Enterprises, Inc. and ACE American Insurance Company, in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, Docket Number 2018-221, entitled, "*Marlon Hanchett, Tracy Bellard, Dion Morris, & Marlon Hanchette on Behalf of His Minor Daughter, Marlacya Hanchette.*" (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from an alleged motor vehicle collision which occurred on or about January 14, 2017, in Calcasieu Parish, Louisiana.

II.

Service of citation and a copy of the Petition for Damages were eventually requested on Defendant, Deborah Purdy, through the Louisiana Secretary of State, and Ms. Purdy was served on or about May 11, 2018.

III.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Werner Enterprises, Inc. through its registered agent, and Werner was served on or about May 11, 2018.

IV.

Service of citation and a copy of the Petition for Damages were requested on Defendant, ACE American Insurance Company through the Louisiana Secretary of State, and ACE was served on or about May 11, 2018.

V.

On September 6, 2018, defendants received a settlement demand with attached medical records and bills on behalf of plaintiff, Tracy Bellard. (See 09/06/2018 correspondence attached hereto as Exhibit "B"). This post-suit demand letter established that the amount in controversy exceeds $75,000, exclusive of interest and costs.

VI.

This removal, which is being filed within thirty (30) days of defendants' receipt of plaintiff's post-suit demand, which constitutes "other paper" sufficient to determine removability pursuant to 28 U.S.C. §1446(b)(3), follows. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Gibson* 840 F.3d at 521; and *Addo v. Globe Life & Acc. Ins*. 230 F.3d 759, 761-62 (5th Cir. 2000).

**I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

VII.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

VIII.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

IX.

As a result of the subject accident, plaintiff, Tracy Bellard, alleges that she sustained severe injuries, namely: abdominal pain, lower back pain, knee pain, pain and tenderness in the neck/back, and mental distress. (Ex A, ¶ 10)

X.

Plaintiff seeks damages including: residual disability, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and

future medical expenses, and loss of past and future earnings or income earning capacity. (Ex. A, ¶ 12)

XI.

Spine injuries vary by severity, though they often exceed $75,000.00 *See, e.g. Smith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) (automobile accident causes moderate disc bulge and depression, ongoing treatment, $80,000 general damage award); *Keller v. City of Plaquemine*, 700 So.2d 1285 (La. App. 1 Cir. 9/23/97) (disc herniation, persistent pain, surgery unlikely, $125,000 award); *Hoyt v. Gray Insurance Company*, 809 So.2d 1076 (La. App. 4 Cir. 2002) (mild lumbar disc herniation, thoracic spine soft tissue injury, $150,000 general damage award).

XII.

Plaintiff, Tracy Bellard Bellard, complains of neck, back, knee, and abdominal pain. On September 6, 2018, her attorney of record submitted a post-lawsuit demand letter seeking $750,000.00 for special and general damages. (Attached as Exhibit B). Attached to this demand were medical records and bills which show that Ms. Bellard sought treatment for her complaints at Diagnostic Health and Injury on 43 occasions between January 18, 2017 and April 9, 2018 and at Partners in Physical Therapy on 19 occasions between April 10, 2017 and June 15, 2017. To date she has incurred medical expenses totaling $10,637.78 itemized as $7,212.78 from Diagnostic Health and Injury and $3,420.00 from Partners in Physical Therapy. (Attached as Exhibits "C" and "D"). During a January 18, 2017 visit to Diagnostic Health and Injury, she reported radiating symptoms down her back. On February 2, 2017, MRI films were reviewed and interpreted to reveal multiple areas of decreased disc height and disc compromise. (Attached as Exhibit E *in globo*..

XIII.

Moreover, Plaintiffs have not stipulated that their causes of action do not exceed $75,000 each, exclusive of interest and costs, nor have they averred or offered binding stipulations that they affirmatively renounces the right to accept judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al*., No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.). (*See* Ex. A). Plaintiffs' refusal to stipulate constitutes further evidence that the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc*. No. 15-2107 (W.D. La. 9/21/15); *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.* 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc*., 837 F. Supp. 751, 752 (M.D. La. 1993).

XIV.

The Court can exercise supplemental jurisdiction over the claims of Marlon Hanchett, Dion Morris, and Marlacya Hanchett, alleging severe injuries including abdominal pain, lower back pain, knee pain, pain and tenderness in the neck/back and mental distress and seeking damages for residual disability, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, and loss of past and future earnings or income capacity regardless of the amount in controversy with respect to their claims. (*See* Exhibit "A" Petition for Damages ¶ 9, 11, and 12). 28 U.S.C.A. § 1367(a) (West 2006); *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 549 (2005); *Earl v. Myers*, No. CIV.A. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010).

## B. COMPLETE DIVERSITY EXISTS

XV.

Defendant, Deborah Lynn Purdy, is a person of the full age of majority and is domiciled in Punta Cana, Florida, and is a citizen of the State of Florida.

XVI.

Defendant, Werner Enterprises, Inc. is a foreign corporation with both its place of incorporation and principal place of business in the State of Nebraska and is a citizen of the State of Nebraska.

XVII.

Defendant, ACE American Insurance Company, is a foreign insurance company that is organized under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania and is a citizen of the State of Pennsylvania.

XVIII.

Based on the information in the introductory Paragraph of the Petition for Damages, Plaintiffs, Marlon Hanchett, Tracy Bellard, Dion Morris, and Marlon Hanchett on behalf of his minor daughter, Marlayca Hanchett, are persons of the full age of majority that are domiciled in Calcasieu Parish, Louisiana and are citizens of the State of Louisiana.

XIX.

There is complete diversity between the Plaintiffs and Defendants. As of the date of filing of this Notice of Removal, Plaintiffs have not named any other parties as Defendants.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XX.

Citation and a copy of the Petition for Damages were served on Defendants, Deborah Lynn Purdy, Werner Enterprises, Inc. and ACE American Insurance Company on or about May 11, 2018.

XXI.

There is no other party needed to consent to the removal of this case.

XXII.

The Notice of Removal was properly filed within thirty (30) defendant's receipt on September 6, 2018 of Tracy Bellard's settlement demand with attached medical records and bills which establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's post-suit demand constitutes "other paper" sufficient to determine removability pursuant to 28 U.S.C. §1446(b)(3). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Gibson* 840 F.3d at 521; and *Addo v. Globe Life & Acc. Ins*. 230 F.3d 759, 761-62 (5th Cir. 2000).

XXIII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the plaintiffs' alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from the Defendants.

XXIV.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the plaintiff and to the Clerk of Court for the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

XXV.

No previous application has been made for the relief requested herein.

XXVI.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXVII.

Defendants are entitled to and request a trial by jury on all issues herein.

WHEREFORE, Deborah Lynn Purdy, Werner Enterprises, Inc. and ACE American Insurance Company, pray that the action entitled, "*Marlon Hanchett, Tracy Bellard, Dion Morris, & Marlon Hanchette on Behalf of His Minor Daughter, Marlacya Hanchette,*" bearing Docket Number 2018-221, Div. F, and pending in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, be removed from the state court docket to the United States District Court for the Western District of Louisiana.

*(Signature Page Follows)*

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*s/ Ralph J. Aucoin, Jr.*
_____
**GUY D. PERRIER, #20323**
**RALPH J. AUCOIN, JR. #31023**
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820; Fax: (504) 212-8825
gperrier@perrierlacoste.com
raucoin@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
**DEBORAH LYNN PURDY**
**WERNER ENTERPRISES, INC. AND**
**ACE AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 5th day of October, 2018, at their last known address of record.

*s/ Ralph J. Aucoin Jr.*
_____
**RALPH J. AUCOIN, JR., #31023**