UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| MARLON HANCHETT, ET AL | CIVIL ACTION NO. 2:18-1310 |
| VERSUS | JUDGE SUMMERHAYS |
| DEBORAH LYNN PURDY, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to State a Claim and Failure to Join a Party under Rule 19 and Motion for More Definite Statement" (Doc. 5), wherein Defendants Deborah Lynn Purdy, Werner Enterprises, Inc., and Ace American Insurance Company move to dismiss Plaintiffs' Petition for Damages for failure to state a claim upon which relief can be granted and failure to join a required party. Defendants first argue that Plaintiffs' cause of action has prescribed, and therefore it must be dismissed pursuant to Rule 12(b)(6).[1] Plaintiff have not opposed the motion, and the time for doing so has now elapsed.[2] Because the Court finds that

---

[1] A Rule 12(b)(6) motion is an appropriate vehicle on which to seek dismissal of a claim barred by a prescription statute. *Lemieux v. American Optical Corporation*, 712 Fed.Appx. 409, 414 n.5 (5th Cir. 2018) (citing *Belanger v. Geico Gen. Ins. Co.*, 623 Fed.Appx. 684, 685 (5th Cir. 2015)); *see also Mann v. Adams Realty Co.*, 556 F.2d 288 (5th Cir. 1987).

[2] A Notice of Motion Setting was issued and mailed to Plaintiffs' counsel on October 11, 2018; the Notice set the deadline to respond to the motion as November 21, 2018, or twenty-one (21) days from the date of the Notice. (Doc. 6).

1

the cause of action is prescribed, the Motion to Dismiss will be granted and the Petition for Damages will be dismissed.[3]

## FACTUAL ALLEGATIONS

Plaintiffs Marlon Hanchett, Tracy Bellard, Dion Morris and M. H. (Marlon Hanchett's minor daughter) were involved in an automobile accident on January 14, 2017.[4] Plaintiffs allege that Defendant Deborah Purdy, the driver of a vehicle owned by Werner Enterprises, Inc. and insured by Ace American Insurance Company, struck Plaintiffs' vehicle causing injuries to said Plaintiffs.[5]

On January 15, 2018, Plaintiffs' attorney faxed a Petition for Damages to the Fourteenth Judicial District Court. The original Petition for Damages was received and filed by the Fourteenth Judicial District Court on January 29, 2018.[6] Defendants removed the lawsuit to this Court on October 5, 2018.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in the

---

[3] Because the Court finds this matter has prescribed, the Court finds it unnecessary to address Defendants' argument that Plaintiffs have failed to join a required party or Defendants' motion for a more definite statement.
[4] Doc. 1-2, ¶ ¶ 3, 9-12.
[5] *Id.* at ¶ ¶ 3-4, and 8.
[6] Doc. 1-2.

2

plaintiff's favor.[7] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[8] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[10]

## **LAW AND ANALYSIS**

In cases where jurisdiction exists by diversity of citizenship, 28 U.S.C. § 1332, federal courts must apply state substantive law.[11] In Louisiana, delictual actions such as negligence are subject to a liberative prescription of one year.[12] The prescriptive period begins to run from the day the injury or damage is sustained.[13]

Louisiana Revised Statute 13:850(A) provides that any document in a civil action may be filed with the clerk of court by facsimile transmission and the "facsimile filing shall have the same force and effect as filing the original document, *if the filing party complies with Subsection B of this Section.*"[14] Subsection B requires the filing

---

[7] *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993).
[8] *Elliot v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989).
[9] *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).
[10] *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).
[11] *See e.g. In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 206 (5th Cir. 2007); *Rhode v. Southeastern Drilling Co., Inc.,* 667 F.2d 1215, 1219 (5th Cir. 1982) (district court, sitting in diversity, properly applied Louisiana law to the issue of limitations).
[12] La. Civ. Code art. 3492.
[13] *Id.*
[14] La. R.S. 13:850(A) (emphasis added).

3

party to deliver the original document, including attachments, exhibits and orders, to the clerk of court within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing. Subsection C states that "[i]f the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect."

The burden of proof lies with the party asserting prescription. However, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended.[15]

Defendants maintain that because Plaintiffs failed to comply with Subsection B, Plaintiffs' cause of action against Defendants is prescribed. The Court agrees. The alleged accident that is the basis for this suit occurred on January 14, 2017. The Petition was filed in state court via facsimile on January 15, 2018. The original Petition was received by the clerk of court on January 29, 2018. Thus, the petition shows on its face that Plaintiffs' cause of action is prescribed because the petition was not received by the clerk of court within seven days of the facsimile filing as required by La. R.S. 13:850(B). As previously noted, Plaintiffs' counsel has not responded to Defendants' Motion to Dismiss.

## **CONCLUSION**

For the reasons stated above, the Motion to Dismiss for failure to state a claim will be granted, as the Court finds that the action is prescribed.

---

[15] *Prevo v. State ex rel. Dept. of Public Safety and Corrections Div. of Probation and Parole*, 187 So.3d 395, 398 (La. 2015).

4

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 18th day of December, 2018.

*/s/ Robert R. Summerhays*
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE